IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

YINENG WU                               :
                                        :
    v.                                  :    CIVIL NO. CCB-11-2565
                                        :
SAIC – FREDERICK, INC.                  :

...o0o...

**<u>MEMORANDUM</u>**

Plaintiff Yineng Wu, identifying herself as Chinese and Asian, filed suit against her previous employer SAIC – Frederick, Inc. ("SAIC") alleging retaliatory termination under 42 U.S.C. § 1981, Title VII, and the Maryland Human Relations Act ("MHRA"), Md. Code. Ann., State Gov't. § 20-101 *et seq.*  The case was removed from Frederick County to this court on September 9, 2011.  Initially represented by counsel, Ms. Wu now proceeds *pro se*.  SAIC has filed a motion for summary judgment to which Ms. Wu responded.  All relevant memoranda and exhibits have been reviewed, and no oral argument is necessary. Local Rule 105.6.  For reasons explained briefly below, the motion will be granted.

Ms. Wu was hired in March 2008 by JoAnn Anderson, and soon developed conflicts regarding her supervision by Ms. Anderson.  She now claims that she was discriminated against because of being Asian/Chinese, that she engaged in protected conduct by complaining about the discrimination, and that she was fired in November 2009 as a result.  The evidence, however, reflects that her written complaint to Human Resources in October 2009 did not allege discrimination.  (Def.'s Mot. Summ. J., Exh. A, ¶ 25; Exh. B at 161-62, 165; and Wu Dep. Exh. 26).[1]  Further, Ms. Wu has not shown that the reason given by the company for her termination – falsification of time records – was a pretext for discrimination.  An audit performed by other

---

[1] Ms. Neville also denies that Ms. Wu orally complained of discrimination during the October 2009 meeting, Exh. A ¶¶ 11 and 25, but Ms. Wu thinks she did. Exh. B at 162.

SAIC employees, not Ms. Anderson, confirmed that Ms. Wu overstated her actual time worked by approximately 285 hours, leading SAIC to reimburse the government approximately $11,000 for that time.  (*Id.* Exh. D at 42-43 and Whitt Dep. Exh. 7).  While Ms. Wu may take issue with the way the audit was performed and explain that the unemployment insurance hearing resulted in a finding favorable to her, she has offered nothing to show that SAIC's decision to fire her based on the audit's result was a pretext and that the true reason was discrimination. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 146-47 (2000).  Accordingly, the defendant's motion will be granted by separate Order which follows.

Date:   September 18, 2012                                          /s/
                                                                        Catherine C. Blake
                                                                        United States District Judge